# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| SUPPLEMENT SPOT, LLC, § | | Bankruptcy Case No. 06-35903 |
|    Debtor § | | |
| ---------------------------------------------------------------------------------------------------------------- | | |
| JOHN ACORD and § | | |
| MARCELLA ORTEGA, § | | **CIVIL ACTION NO. H-09-1144** |
|    Appellants. § | | |

## MEMORANDUM AND ORDER

    John Acord and Marcella Ortega are Defendants in Adversary Number 07-3019 arising out of Bankruptcy Case No. 06-35903. They have filed a Motion for Leave to File and Pursue Interlocutory Appeal ("Motion") [Doc. # 1], seeking leave to pursue an interlocutory appeal from the United States Bankruptcy Court's denial of their Motion for Sanctions for alleged discovery abuses. Plaintiff/Appellee Young Again Products, Inc. ("YAP") filed a Response [Doc. # 4] opposing the requested leave to appeal. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion and **dismisses** this civil case.

    The Fifth Circuit has not expressly adopted criteria specifically for determining whether to grant leave to appeal an interlocutory order of a bankruptcy court, but it has recognized that many district courts use the standard applied under 28 U.S.C.

§ 1292(b) for interlocutory appeals to the various courts of appeals. *See Ichinose v. Homer Nat'l Bank*, 946 F.2d 1169, 1177 (5th Cir. 1991). To be appealable under this standard, an interlocutory order of the bankruptcy court must involve a controlling issue of law upon which there is substantial ground for difference of opinion. *Id.* Additionally, the district court must find that an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case. *Id.*

In this case, the Court finds that there is no basis to allow an interlocutory appeal from the Bankruptcy Court's denial of Appellants' motion for sanctions for alleged discovery abuses by YAP. The Order [Doc. # 312 in Adversary No. 07-3019] does not involve a controlling issue of law upon which there is substantial ground for difference of opinion, and an immediate appeal of the interlocutory order would not materially advance the ultimate termination of the adversary or the bankruptcy case. Additionally, there are no exceptional circumstances that would justify immediate review under the collateral order doctrine first enunciated in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949), and discussed by the Fifth Circuit in *In re Delta Servs. Indus.*, 782 F.2d 1267 (5th Cir. 1986). Indeed, the United States Supreme Court and the Fifth Circuit have held that interlocutory appeals from discovery sanctions orders are generally inappropriate. *See Cunningham v. Hamilton County*, 527 U.S. 198, 208-09 (1999); *Williams v. Midwest Employers Cas. Co.*, 243

F.3d 208, 209 (5th Cir. 2001); *Click v. Abilene Nat'l Bank*, 822 F.2d 544, 545 (5th Cir. 1987). Accordingly, it is hereby

**ORDERED** that Acord and Ortega's Motion for Leave to File and Pursue Interlocutory Appeal [Doc. # 1] is **DENIED** and this civil action is **DISMISSED**.

SIGNED at Houston, Texas, this **12th** day of **May, 2009.**